# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | CR. No. C-09-1031 |
| v. | § | (C.A. No. C-13-379) |
| | § | |
| DAVID C. ESQUIVEL, | § | |
| | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant David C. Esquivel's motion to alter or amend the judgment from this Court's previous dismissal of his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 26. He asks the Court to reconsider its previous ruling(s).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Esquivel was convicted of possession with intent to distribute 5.03 grams of cocaine base upon his guilty plea and was sentenced to 120 months in the Bureau of Prisons, to be followed by 8 years supervised release. D.E. 18. He filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 23. The Court denied the motion with prejudice on the grounds that it was untimely and denied him a Certificate of Appealability. D.E. 24, 25. Esquivel filed his Rule 59(e) motion on December 14, 2013. It is timely.

## II. MOVANT'S CLAIMS

Esquivel claims that this Court misinterpreted the legal requirements for consideration of his claim of actual innocence and erred by summarily denying his motion to vacate. D.E. 26.

### III.  ANALYSIS

A.  **Rule 59(e)**

Esquivel filed a timely motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to federal habeas petitions "only to the extent that [they are] not inconsistent with applicable federal statues and rules." Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts (2013).

To prevail on a Rule 59(e) motion, the movant must show at least one of the following: 1) an intervening change in controlling law; 2) new evidence not previously available; or 3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" Rosenzweig v. Azurix Corp., 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)).

In some instances, a defendant bringing a Rule 59(e) motion may run afoul of the prohibition on second or successive motions. Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (post-judgment motion pursuant to Rule 60(b) may be construed as second or successive § 2254); Williams v. Thaler, 602 F.3d 291, 303 & n.10 (5th Cir. 2010) (finding 59(e) claim to be second or successive). It is only when a Rule 60 or 59(e) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," that it does not raise a second or successive claim. Gonzalez, 524 U.S. at 532; United States v. Hernandes,

708 F.3d 680, 681 (5th Cir. 2013) ("where a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion.").

Esquivel's motion claims that the Court made manifest errors of law and fact. Esquivel claims that he is not required to bring forward evidence to support his claim of actual innocence and that the Court should consider his untimely motion to vacate pursuant to 28 U.S.C. § 2255 without any new evidence. Esquivel urges the Court to consider that his possession of 5.3 grams of crack cocaine is equally as consistent with personal use as it is with possession with intent to distribute. Because he claims the inference is equally consistent, he urges this Court to vacate his guilty plea and sentence.[1] This is the same argument Esquivel made in his original motion to vacate.

In that original motion, Esquivel relied upon McQuiggen v. Perkins, — U.S. — , 133 S.Ct. 1924, 1926 (2013). The McQuiggen Court was clear, "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, *in light of the new evidence*, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (emphasis added). In McQuiggen, the petitioner produced evidence, but the Court held that the allegedly newly discovered evidence "was substantially available to the defendant at trial." Id. "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" Id. at 1936.

---

[1] Esquivel's argument ignores the fact that he not only pled guilty to possession with intent, there was other evidence before the Court that was inconsistent with simple possession. At the time of his arrest, agents discovered digital scales, packaging materials, what appeared to be a drug ledger, a cell phone with text messages seeking drugs from Esquivel, as well as firearms in Esquivel's living area. After his arrest, Esquivel's live-in girlfriend gave a statement that implicated him in drug dealing. See D.E. 14, ¶¶ 7, 11.

Esquivel also claims that the Court was required to make findings of fact and conclusions of law concerning his actual innocence claim. He cites no legal authority for his claim.

The Court finds that Esquivel's attack on the prior judgment is substantive and constitutes a second or successive claim.

**B.   Second or Successive § 2255 Motion**

In pertinent part, 28 U.S.C. § 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before the Court. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Esquivel's motion does not indicate that he has sought or obtained such permission. Until he does so, the Court does not have jurisdiction over any claim that could have been brought in his first § 2255 motion.

Esquivel's Rule 59(e) motion (D.E. 26) is DENIED as second or successive. United States v. Orozco-Ramirez, 211 F.3d 862, 869 (5th Cir. 2000) (district court properly dismissed second or successive claim).

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Esquivel has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

The Court finds that Esquivel cannot establish at least one of the Slack criteria. Accordingly, he is not entitled to a COA as to his claims.

## V.  CONCLUSION

For the foregoing reasons, Esquivel's motion (D.E. 26) is DENIED as second or successive. Additionally, he is DENIED a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 7th day of January, 2014.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE